UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TERRI TYLER; § | |
| Individually and On Behalf of All § | |
| Others Similarly Situated, § | |
|     Plaintiff, § | CIVIL ACTION NO. 5:18-CV-273 |
| § | |
| vs. § | |
| § | |
| LEE CONSTRUCTION AND § | |
| MAINTENANCE COMPANY d/b/a § | |
| LMC CORPORATION AND § | |
| JERRY R. LEE § | |
|     Defendants. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Terri Tyler, on behalf of herself and all others similarly situated ("Plaintiff"), files this Original Complaint, as follows:

### I.    PRELIMINARY STATEMENT

1.    Lee Construction and Maintenance Company d/b/a LMC Corporation ("LMC") and Jerry R. Lee ("Defendants") were formerly the employers, co-employers and/or joint employers of Plaintiff. Plaintiff was hired by LMC as an independent contractor, despite the fact that she worked full time for LMC, and virtually every aspect of her job was controlled by Defendants. Defendants misclassified Plaintiff and their other co-workers as independent contractors to avoid paying employment taxes, workers' compensation insurance, benefits and overtime. During her time with Defendants, Plaintiff worked a significant amount of overtime each week

but was not paid for it. Plaintiff and other workers for Defendants were paid on an hourly basis, and were paid the same hourly rate for each hour worked, and thus never received overtime pay.

2.  Plaintiff, on behalf of herself and all others similarly situated, bring this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3.  This collective action consists of:

> **ALL INDIVIDUALS WHO WERE (A) EMPLOYED BY LEE CONSTRUCTION AND MAINTENANCE COMPANY OVER THE PAST THREE YEARS; (B) WERE PAID ON AN HOURLY BASIS; AND (C) WERE CLASSIFIED AS INDEPENDENT CONTRACTORS.[1]**

4.  For at least three years prior to the filing of this Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II.   PARTIES

5.  Plaintiff is an individual who was formerly employed by Defendants. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

6.  Defendant LMC is a Texas limited liability company with its principal place of business in Texas. LMC may be served through its registered agent for service of process in Texas, Jerry R. Lee, 9191 Winkler Dr., Ste. A, Houston, TX 77017, or where found.

7.  Defendant Jerry R. Lee is an individual residing in Texas. Mr. Lee may be served at 9191 Winkler Dr., Ste. A, Houston, TX 77017, or where found.

---

[1] For ease of reference, the members of this proposed class will be referred to herein as "the LMC Independent Contractors."

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

9. This Court has personal jurisdiction over Defendants because they are Texas residents, or, alternatively, because they have engaged in continuous and systematic contacts with the State of Texas. This Court may also assert specific personal jurisdiction because the claims asserted in this suit arise out of the contacts Defendants have made with Texas. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because one of the Defendants resides in this district and all of the Defendants are residents of the State in which this district is located. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district. Specifically, Plaintiff lived and worked in San Antonio while employed by Defendants, and continues to do so. Defendant's San Antonio office, where Plaintiff and many other potential class members worked, is located at 10812 Hillpoint, San Antonio, TX 78217. Many members of the proposed class live and continue to work in the San Antonio area.

### IV. COVERAGE

11. At all relevant times, Defendants have acted, directly or indirectly, as an employer or joint employer with respect to Plaintiff and others similarly situated. Defendants are jointly responsible for all decisions related to the wages to be paid to the LMC Independent Contractors, the work to be performed by the LMC Independent Contractors, the locations of work performed by the employees, the hours to be worked by the LMC Independent Contractors, and the compensation policies with respect to the LMC Independent Contractors.

12. At all relevant times, Defendants have each operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Defendants have each operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

14. At all relevant times, Plaintiff, and others similarly situated, were employees for Defendants who were engaged in commerce or in the production of goods for commerce.

### V. FACTUAL BACKGROUND

15. LMC is a general contractor providing a full-range of construction and maintenance services to the public sector since 1989. LMC has offices in Dallas, Houston, San Antonio, and Tulsa, Oklahoma. LMC also has a large workforce, with what Plaintiff believes to be at least

100 workers. Yet, LMC classifies all or virtually all of its workers as independent contractors, regardless of their job title, job duties or tenure with the company.

16. Plaintiff worked for Defendants as an "Assistant Project Manager." Because Plaintiff and the other LMC Independent Contractors are paid a set, flat hourly rate, and because their schedules are set by Defendants, they are not given any opportunity to share in the profit and/or loss of their services. They are not allowed the freedom to take or reject assignments - instead they must perform work as ordered to do by Defendants - Defendants tell the LMC Independent Contractors what tasks to perform and when to do them, and they are subject to close supervision by co-workers at LMC. Because they work full time for Defendants (often working more than 40 hours per week), they are not allowed an opportunity to expand their business or to take on other jobs for other construction companies.

17. Mr. Lee is the primary owner and decision-maker of LMC. In this capacity, Mr. Lee is responsible for day-to-day operations of LMC. Mr. Lee is responsible (either directly or through LMC personnel that he controls and supervises) for the wages to be paid to Plaintiff, the work to be performed by Plaintiff, the locations of work performed by Plaintiff, the hours to be worked by Plaintiff, and the compensations policies with respect to Plaintiff. Mr. Lee also maintains the employment records of LMC and has the power to hire and fire at LMC.

18. No exemption excuses Defendants from paying Plaintiff and the other LMC Independent Contractors overtime rates under the FLSA. The members of the proposed class were all paid on an *hourly* basis, and thus none of them could fall within any of the white collar exemptions, as the *salary* basis is an essential element of all of the white collar exemptions.

19. Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation. Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

20. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

21. Plaintiff has retained the undersigned counsel to represent her and those similarly situated in this action. Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI. COLLECTIVE ACTION ALLEGATIONS

22. Other employees of Defendants have been victimized by the pattern, practice and policy of Defendants. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other, similarly situated workers.

23. Plaintiff brings her claims on behalf of all current and former LMC Independent Contractors.

24. Defendants' compensation policies and procedures with respect to Plaintiff and the LMC Independent Contractors and wages paid to Plaintiff and the LMC Independent Contractors are substantially similar, if not identical.

25. Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or the LMC Independent Contractors.

26. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendants' liability under the FLSA.

27. Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims on their own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

28. Plaintiff requests that Defendants identify all prospective members of the proposed class of LMC Independent Contractors in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers.

29. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

30. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

31. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII. CAUSE OF ACTION - VIOLATIONS OF THE FLSA

32. The foregoing allegations are incorporated herein by reference.

33. Plaintiff and others similarly situated were non-exempt employees of Defendants.

34. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

35. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

36. In further violation of the FLSA, Defendants failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and other similarly situated employees.

37. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII.   RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, respectfully requests that Defendants be required to answer and appear, and that on final hearing, Plaintiff and other members of the collective action be awarded:

   a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

   b. Liquidated damages in an amount equal to the unpaid overtime compensation;

   c. Attorney's fees, costs and expenses;

   d. Pre- and post-judgment interest at the highest rates allowed by law; and

   e. All other relief, at law or in equity, to which they, and others similarly situated, may be justly entitled.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY FOR PLAINTIFFS**